UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTERUM GROUP INC.,

        Plaintiff,

    v.

ZOOM VIDEO COMMUNICATIONS, INC,

        Defendant.

Case No.  25-cv-03951-RFL

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 21

Plaintiff Interum Group Inc. brought this patent infringement suit against Defendant Zoom Video Communications, Inc., alleging that Zoom's video conferencing platforms infringe its patent entitled "Video Class Room" ("the '940 patent").  (Dkt. No. 1 ("Compl.").)  Zoom moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Dkt. No. 21.)  For the reasons that follow, the motion is **GRANTED** with leave to amend.  This order assumes the parties' familiarity with the facts, the applicable legal standards, and both sides' arguments.

The complaint fails to plausibly allege that Zoom directly, indirectly, or willfully infringed Claim 1 of the '940 patent, the sole claim at issue in the complaint.

***Direct Infringement***.  The complaint contains insufficient allegations to support a plausible inference that Zoom practices all material limitations of Claim 1.  Claim 1 encompasses a "method for providing video classroom presentation services . . . *wherein the frame rate, resolution, and encoding* of each real-time video stream *is determined, adjusted, or converted . . . depending on the subject matter of the real-time video stream and the number of*

1

*real-time audio streams* and real-time video streams received from participants." (Dkt. No. 1-1 at 13–14 (emphasis added).)[1]  Plaintiffs do not contest that this "wherein" limitation is a critical element that requires specific factual allegations.  (Dkt. No. 30 at 13.)  The complaint does not contain such allegations.  Specifically, the complaint does not plausibly allege that Zoom's video conferencing platforms determine, adjust, or convert the enumerated specifications of each real-time video stream depending on the video stream's subject matter.  It alleges only that Zoom's video architecture utilizes "Multi Bitrate Encoding," which permits Zoom's multimedia router ("MMR") to "encode video streams together irrespective of the bitrate of each video stream." (Compl. ¶ 74.)  Interum alleges this reveals that "the frame rate, resolution, and encoding of each real-time video stream can be determined, adjusted or converted in real-time by the MMR before and during transmission."  (*Id.*)

The allegation that Zoom's MMR is *capable* of determining, adjusting, or converting the frame rate, resolution, and encoding of each real-time video stream does not plausibly suggest that the MMR in fact *does* so, let alone that it does so depending on the subject matter of the video stream.  Interum argues that its complaint incorporates technical documents from Zoom demonstrating that "Zoom automatically adjusts frame rate/resolution in response to device, network, and stream load conditions."  (Dkt. No. 30 at 14.)  But the complaint contains no allegations that the adjustment occurs based on the "subject matter of the real-time video stream."  Accordingly, the complaint fails to plausibly establish that Zoom directly infringes Claim 1, which is the sole claim at issue in the complaint.  *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021) (allegations merely consistent with infringement are insufficient to state a claim).

Zoom also argues that the complaint should be dismissed for a second reason:  that the complaint does not plausibly allege Zoom's video conferencing platforms involve any "method for providing video classroom presentation services comprising . . .providing audio-video

---

[1] All references to page numbers for documents on the docket refer to ECF pagination.

coordination using audio effects on at least one real-time audio stream transmitted to the video classroom presentation location to indicate a real-time video stream corresponding to the real-time audio stream," as is required by another limitation in Claim 1. (Dkt. No. 1-1 at 13–14.) Because leave to amend is granted for the reasons discussed below, the Order addresses this theory of dismissal as well for completeness. This limitation is adequately alleged. The complaint plausibly alleges that Zoom provides audio-video coordination "using audio effects on at least one real-time audio stream." Interum alleges that the MMR "provides audio-video coordination using audio effects by detecting a pre-existing audio stream associated with the audio stream and applying an adjustment to either the audio stream or the video stream to help the host identify who is speaking." (Compl. ¶ 70.) When in Zoom's "Speaker View" and "Gallery View," "the MMR identifies a presently existing audio stream, identifies the presently existing video stream associated with the audio stream, and then makes the video stream larger (if in Speaker mode) or moves and highlights the video stream (if in Gallery view), to help the host identify who is speaking." (*Id*. at ¶ 67.)

Zoom contends that the complaint identifies no "audio effects" that facilitate the audio-video coordination that Claim 1 contemplates. But in its specification, the '940 patent clarifies that audio-video coordination

> may also be made automatically upon detection by the system of predefined conditions. *For example, if a participant begins speaking, the system may detect this and automatically transmit that participants audio and video stream to all participants*. When the participant stops speaking, the system may detect this and automatically return to the default display.

(Dkt. No. 1-1 at 11.) The phrase "audio effects" in the '940 patent therefore can be plausibly construed to encompass the MMR functionality that Interum identifies in its complaint: the MMR's detection of a particular audio stream and the association of that audio stream with a particular video stream. Furthermore, the MMR's manipulation of the video stream to reflect its detection of the associated audio stream—for instance, by making the speaker's video stream larger—can plausibly constitute "audio-video coordination." Accordingly, the complaint does

3

not rely on an implausible claim construction of the phrase "audio effects."  *See ALD Soc., LLC v. Verkada, Inc.*, 654 F. Supp. 3d 972, 979 (N.D. Cal. 2023).  That limitation is adequately pled.

*Indirect and Willful Infringement*.  Because the complaint fails to plausibly allege that Zoom directly infringed the '940 patent, it too fails to plausibly allege that Zoom indirectly infringed or willfully infringed the '940 patent.  *See John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 988 F.3d 1334, 1341 (Fed. Cir. 2021); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).

The complaint also fails to plausibly allege indirect or willful infringement for two additional reasons.  First, the complaint's allegations do not support a plausible inference that Zoom specifically intended to infringe the '940 patent.  The complaint contains only conclusory allegations that Zoom knew that it was infringing the '940 patent.  (*See, e.g.*, Compl. ¶¶ 78–83.)  Although the complaint contains allegations that Zoom had knowledge of the '940 patent via a letter from Interum's counsel (*e.g.*, *id*. at ¶ 78),[2] neither Zoom's receipt of the letter nor its failure to respond to the letter support a plausible inference that Zoom knew that it was *infringing* the patent.  (*See* Dkt. No. 31 at 9.)  The complaint's allegations are therefore insufficient to support a plausible inference that Zoom specifically intended to infringe the '940 patent, through its own actions or the actions of a third party.  Accordingly, the complaint fails to state claims for indirect and willful infringement.  *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021).

Second, the complaint contains only conclusory allegations that Zoom's video conferencing platforms are not suitable for substantial non-infringing uses.  (Compl. ¶ 84.)  *See* 35 U.S.C. § 271(c).  Such allegations are insufficient to state a claim for contributory infringement.  Interum provides no authority in support of its assertion that patent infringement

---

[2] The Court takes judicial notice of the letter, which is attached to Interum's opposition to the motion to dismiss as Exhibit E (Dkt. No. 30-6) and incorporated by reference into the complaint (Compl. ¶ 78).

claims regarding software products do not require non-conclusory allegations regarding substantial non-infringing uses.  Accordingly, the complaint fails to state a contributory infringement claim.

For the foregoing reasons, the motion to dismiss the claim is granted.  Dismissal is with leave to amend.  Interum's alleged failure to address deficiencies identified in Zoom's motion to dismiss in a separate case, which was never ruled on (*see Interum Grp. Inc v. Zoom Video Commc'ns, Inc.*, No. 24-cv-05397-RGK, Dkt. No. 28 (C.D. Cal. Oct. 16, 2024) (dismissing the case voluntarily)), does not suffice to establish that amendment would be futile.  (*See* Dkt. No. 21 at 18.)  Interum shall file its amended complaint by **April 21, 2026**.  Interum may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.  If no such amended complaint is filed by that date, the claims that were dismissed in this Order will remain dismissed.

**IT IS SO ORDERED.**

Dated: March 31, 2026

RITA F. LIN
United States District Judge

5