TIMOTHY C. SAULSBURY (CA SBN 281434)
tsaulsbury@mofo.com
JOYCE C. LI (CA SBN 323820)
joyceli@mofo.com
TANNYR M. PASVANTIS (CA SBN 353511)
tpasvantis@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street,
San Francisco, California  94105-2482
Telephone:     415-268-7000
Facsimile:     415-268-7522

*Attorneys for Defendant*
*Zoom Video Communications, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERUM GROUP INC., | Case No. 3:25-cv-3951-RFL |
| Plaintiff, | **NOTICE OF MOTION AND DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| ZOOM VIDEO COMMUNICATIONS, INC., | |
| Defendant. | |
| | Hearing Date:  July 28, 2026 |
| | Time: 10:00 a.m. |
| | Courtroom:  15, 18th Floor |
| | Judge:  Hon. Rita F. Lin |
| | Action Filed:  June 25, 2024 |
| | Trial Date:  Not set |

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 3:25-CV-3951-RFL

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 28, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Rita F. Lin in Courtroom 15 of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Ave, San Francisco, CA 94102, Defendant Zoom Video Communications, Inc. ("Zoom") will move and hereby does move as follows.

Pursuant to Fed. R. Civ. P. 12(b)(6), Zoom respectfully moves this Court for an Order dismissing Plaintiff Interum Group Inc. ("Interum")'s Amended Complaint (ECF No. 36) without leave to amend for failure to state a claim upon which relief may be granted.  This motion is based on this Notice of Motion and supporting Memorandum of Points and Authorities, reply briefing in further support of this Motion, and any supporting declarations and accompanying exhibits, as well as any other written or oral argument that Zoom may present to the Court in support of this Motion.

Dated: May 26, 2026

Respectfully submitted,

BY: */s/ Joyce C. Li*

JOYCE C. LI (SBN 323820)
joyceli@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:      415-268-7000
Facsimile:       415-268-7522

*Attorney for Defendant*
ZOOM VIDEO COMMUNICATIONS, INC.

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION ................................................................................................ 1

II.    STATEMENT OF ISSUES TO BE DECIDED ................................................. 1

III.   STATEMENT OF RELEVANT FACTS ........................................................... 1

       A.    Procedural History ................................................................................ 1

       B.    The '940 Patent .................................................................................... 2

IV.    LEGAL STANDARD ........................................................................................ 3

V.     ARGUMENT ..................................................................................................... 4

       A.    Interum Fails to Plausibly Plead Direct Infringement.............................. 4

       B.    Interum Fails to Plausibly Plead Indirect and Willful Infringement........................ 7

             1.    Specific Intent to Infringe Required for Indirect and Willful Infringement............................................................. 7

             2.    Lack of Substantial Non-Infringing Uses Required for Contributory Infringement................................................... 8

VI.    THE FAC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND ........................ 9

VII.   CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ................................................................................ 3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................. 3, 6

*Atlas IP, LLC v. Commonwealth Edison Co.*,
686 F. App'x. 921 (Fed. Cir. 2017) ........................................................................... 3

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016) ........................................................................ 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................. 3, 6

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) .................................................................................. 3, 6

*BSD Crown, LTD. v. Amazon.com, Inc.*,
684 F. Supp. 3d 993 (N.D. Cal. 2023) ....................................................................... 7

*Cyph, Inc. v. Zoom Video Commc'ns, Inc.*,
642 F. Supp. 3d 1034 (N.D. Cal. 2022) ..................................................................... 3

*In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) .............................................................................. 7, 8

*Lifetime Indus., Inc. v. Trim-Lock, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017) ................................................................................. 7

*Mejia v. JPMorgan Chase Bank, N.A.*,
No. 21-cv-1351, 2021 WL 6498762 (N.D. Cal. Sept. 8, 2021) ................................ 9

*Netflix, Inc. v. Broadcom Inc.*,
No. 24-CV-09324-PCP, 2025 WL 2294915 (N.D. Cal. Aug. 8, 2025) ...................... 4

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir.) .............................................................................................. 5

*Staton Techiya, LLC v. Harman Int'l Indus., Inc.*,
734 F. Supp. 3d 354 (D. Del. 2024) .......................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is Interum's second attempt at pleading infringement in this case (and its third attempt overall): the Court dismissed the original Complaint in this case for failure to state a claim of infringement, and Interum previously filed and dismissed the same claims in the Central District of California. Interum's Amended Complaint ("FAC") suffers from the same deficiencies as its prior complaints. Because Interum has now twice (or thrice) failed to plead a plausible claim of infringement, the FAC should be dismissed without leave to amend.

### II. STATEMENT OF ISSUES TO BE DECIDED

Whether the FAC (ECF No. 36) includes sufficient factual allegations that, when taken as true, support a plausible inference that Zoom directly, indirectly, or willfully infringes U.S. Patent No. 9,325,940 ("the '940 patent").

### III. STATEMENT OF RELEVANT FACTS

#### A. Procedural History

On May 7, 2025, Interum filed this suit for alleged patent infringement. In the Complaint, Interum accused Zoom of directly, indirectly, and willfully infringing the '940 patent. *See generally*, ECF No. 1 ("Compl."). Specifically, Interum alleged that "Zoom's video conferencing platforms, such as Zoom One, Zoom Workplace and Zoom Video Webinar platforms, which offer and host video conferencing services such as Zoom Meetings and Zoom Video Webinars" (collectively, the "Accused Products") meet all limitations of claim 1 of the '940 Patent. *See id.* ¶ 46. Zoom moved to dismiss the Complaint in its entirety. *See* ECF No. 21. The Court granted Zoom's motion on several independent grounds, with leave to amend. *See* ECF No. 33. On April 28, 2026, Interum filed the FAC asserting the same claims. *See* ECF No. 36.

Interum also previously asserted the same claims against Zoom in the Central District of California (Case No. 2:24-cv-05397-RGK) ("C.D. Cal. Case"). Zoom moved to dismiss the complaint in that case as well. *See* C.D. Cal. Case, ECF No. 25. Interum voluntarily dismissed the C.D. Cal. Case before the Court resolved Zoom's motion. *See* C.D. Cal. Case, ECF No. 28.

**B.    The '940 Patent**

The '940 Patent is titled "Video Class Room" and describes a very specific method and system for connecting a presenter in one location to participants in other locations.  Claim 1, which is the only claim that Interum addresses in its substantive infringement allegations, recites:

> 1.  A method for providing video classroom presentation services comprising:
>
> receiving a real-time audio stream and a plurality of real-time video streams of a video classroom presentation, wherein at least some of the plurality of received video streams have at least two of different frame rates, resolutions, and encoding;
>
> receiving a real-time audio stream and a real-time video stream of each of a plurality of participants to the video classroom presentation, wherein the receiving comprises receiving a real-time text stream each of a plurality of participants to the video classroom presentation;
>
> selectively transmitting the real-time audio stream and the plurality of real-time video streams of the video classroom presentation and the real-time audio stream and the real-time video stream of each of the plurality of participants to a video classroom presentation location and to each of the plurality of participants, wherein at least a plurality of real-time video streams are transmitted concurrently to each of the plurality of participants, wherein at least some of the plurality of transmitted real-time video streams have different frame rates, resolutions, or both;
>
> receiving input from a presenter at a real-time interface, the input indicating a configuration of real-time audio streams and real-time video streams, the configuration including: a selection of at least one real-time audio stream and at least one real-time video stream to be transmitted to each of the plurality of participants, a selection of at least one real-time audio stream and at least one real-time video stream that is to be transmitted to each of the plurality of participants upon detection of at least one condition, and the at least one condition;
>
> providing audio-video coordination using audio effects on at least one real-time audio stream transmitted to the video classroom presentation location to indicate a real-time video stream corresponding to the real-time audio stream;
>
> wherein the frame rate, resolution, and encoding of each real-time video stream is determined, adjusted, or converted in real-time before and during transmission of each real-time video stream ***depending on the subject matter of the real-time video stream and the number of real-time audio streams and real-time video streams received from participants*** in order to provide a determined service or quality of service.

(Emphases added.)  The claimed method thus requires much more than simply streaming audio and video of a presenter and participants:  it includes specific requirements for how that streaming is done and how the audio and video are displayed.  Notably, the claim expressly requires "determin[ing], adjust[ing], or convert[ing] in real-time . . . each real-time video stream ***depending on the subject matter of the real-time video stream and the number of real-time audio streams and real-time video streams received from participants***."

## IV.    LEGAL STANDARD

A complaint "must plead enough factual matter that, when taken as true, states a claim to relief that is plausible on its face." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566, 570 (2007)) (internal quotation marks omitted).  "Th[is] plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under this standard, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).  "Because the failure to practice even a single element is all that separates innovation from infringement," a complaint requires "a coherent theory of which claims are allegedly infringed and how the accused products practice … each of those claims' elements." *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x. 921 (Fed. Cir. 2017) (internal citation omitted).

When assessing a claim for patent infringement on a motion to dismiss, this District Court has first "identif[ied] the critical elements of each of the Asserted Patents and then determin[ed] whether [the plaintiff] has provided specific factual allegations to meet those claim elements, placing [the defendant] on notice of what activity is being accused of infringement." *Cyph, Inc. v. Zoom Video Commc'ns, Inc.*, 642 F. Supp. 3d 1034, 1042 (N.D. Cal. 2022).  Failure to provide specific factual allegations for critical elements fails to state a claim under the *Iqbal/Twombly* standard.  *See id.* at 1043,1044; *see also Netflix, Inc. v. Broadcom Inc.*, No. 24-CV-09324-PCP,

2025 WL 2294915, at *4-5 (N.D. Cal. Aug. 8, 2025) (finding plaintiff did not plausibly plead infringement of certain claims that plaintiff asserted had unique limitations where plaintiff's allegations were "in an entirely conclusory fashion").

## V.    ARGUMENT

### A.    Interum Fails to Plausibly Plead Direct Infringement

Interum's FAC suffers from the same deficiencies as the previously dismissed Complaint. As detailed below, Interum has not pleaded any facts that could plausibly support an inference that Zoom practices a critical limitation of claim 1 of the '940 Patent—which requires dismissal under Rule 12(b)(6).

Claim 1 of the '940 Patent encompasses "a method for providing video classroom presentation services…*wherein the frame rate, resolution, and encoding* of each real-time video stream is *determined, adjusted, or converted in real-time* before and during transmission of each real-time video stream *depending on the subject matter of the real-time video stream and the number of real-time audio streams and real-time video streams received from participants*[.]" (Emphases added.)  As the Court previously noted, Interum does not contest that "this 'wherein' limitation is a critical element that requires specific factual allegations."  ECF No. 33 at 1-2 (citing ECF No. 30 at 13).  The Court went on to find that Interum failed to state a claim of direct infringement because the Complaint did not "plausibly allege that Zoom's video conferencing platforms determine, adjust, or convert the enumerated specifications of each real-time video stream depending on the video stream's subject matter."  *Id.* at 2.  The Court found the allegations lacking in two different ways:  (1) the Complaint merely alleged that Zoom's accused MMR functionality was capable of determining, adjusting, or converting the frame rate, resolution, and encoding of each real-time video stream, and did not plausibly suggest that MMR in fact does so; and (2) the Complaint contained no allegations that the adjustment occurs based on the "subject matter of the real-time video stream."  *Id.*

The FAC fails to cure the latter deficiency.  The FAC states:

> As demonstrated by *Zoom's Speaker View and Gallery View features*, which dynamically prioritize and modify video streams based on detected speaking activity and content, *Zoom differentiates between different types*

*of video streams during operation. See Ex. M, Ex. J.* These specific features are implemented by the MMR's audio and video processing of streams – including active speaker content detection, and the corresponding prioritization and transmission of those video streams. For example, *Zoom's products process active speaker video streams differently from nonspeaking participant streams and screen-sharing content by allocating different encoding, resolution, and transmission based on the type of content being transmitted. See, e.g., Ex. M.* In doing so, Zoom's Accused Products and Services provide a determined service or quality of service as noted in Claim 1.

FAC ¶ 73 (emphases added).[1]

Interum alleges that Zoom practices the "wherein" element of claim 1 by "allocating different encoding, resolution, and transmission based on" whether the subject matter of the video is an "active speaker," "nonspeaking participant," or "screen-sharing." As a threshold matter, that allegation does not align with the requirements of the "wherein" element, which include determining, adjusting, or converting "the *frame rate, resolution, and encoding* of each real-time video stream": Interum merely alleges that Zoom adjusts "encoding, resolution, and *transmission*" depending on subject matter, which does not address frame rate.

In any event, the Court should not accept Interum's allegations as true because they are contradicted by the documentation that Interum cites and attaches to the FAC. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (courts need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit"). Interum cites to Exhibits M and J. Exhibit M does not address adjustments in frame rate, resolution, or encoding at all: it merely shows that users can change how videos are *displayed* on their own devices during meetings. ECF No. 36-13 (FAC, Ex. M) at 1. Exhibit J[2] makes clear that Zoom does not adjust frame rate, resolution, and encoding based on the subject matter of the video stream. Exhibit J shows that each individual user can

---

[1] Interum filed a redline version of the FAC at ECF No. 36-14. The redline version appears to have slightly different paragraph numbering than the non-redline version. *Compare* ECF No. 36-14, *with* ECF No. 36. Zoom refers to the paragraph numbering in the non-redline version (ECF No. 36).

[2] Exhibit J appears to be documentation from a third party (Stanford University), not Zoom. *See* ECF No. 36-10 (FAC, Ex. J) at 1 (referring to account settings at https://stanford.zoom.us/profile/setting).

choose to enable or disable HD video—by checking or unchecking "Enable HD" in the application settings. *See* Ex. J at 1, 4. The document also states that "Zoom automatically adjusts the streaming resolution *to match what each participant's internet can handle*." *Id.* at 1 (emphasis added). Thus, contrary to Interum's assertion, the resolution of the video is determined based on a user-selected setting or the user's internet connection strength—not the subject matter of the video. Interum's direct infringement claim must be dismissed for this reason alone.

The FAC also fails to sufficiently address the "wherein" limitation for a second reason: the FAC does not plausibly allege that Zoom determines, adjusts, or converts the "frame rate, resolution, and encoding of each real-time video stream" based on "*the number of real-time audio streams and real-time video streams* received from participants"—as required by the limitation. '940 patent, claim 1 (emphasis added).[3] The only reference in the FAC to adjustments based on the number of real-time streams are conclusory allegations that parrot the claim language:

> "While in operation, Zoom's Multimedia Router ("MMR") determines, adjusts, and converts the frame rate, resolution, and encoding of real-time video streams before and during transmission based on both the subject matter of the video stream *as well as the number of real-time audio and video streams* received from participants."

FAC ¶ 73 (emphasis added).

> "Accordingly, Zoom's Products and Services determine, adjust, and convert the frame rate, resolution, and encoding of each real-time video stream in real time depending on the subject matter of the stream *and the number of streams* received from participants in order to provide a determined service or quality of service, as required by Claim 1 of the '940 Patent."

*Id.* ¶ 74 (emphasis added). It is well-established that such conclusory allegations are insufficient to state a claim of infringement. *See Bot M8 LLC*, 4 F.4th at 1355 (conclusory allegations that "merely track the claim language" fall short of the *Twombly/Iqbal* pleading standard); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). This is a second, independent reason why Interum's direct

---

[3] Zoom's prior motion to dismiss noted that the Complaint failed to allege that the adjustment is based on either the "subject matter" of the video or the "number" of streams. ECF No. 31 at 4-5. The Court did not reach the latter deficiency in its order. *See* ECF No. 33 at 2.

infringement claim must be dismissed.

**B.    Interum Fails to Plausibly Plead Indirect and Willful Infringement**

As the Court noted in its order dismissing the Complaint, Interum's indirect and willful infringement claims fall with its direct infringement claim. ECF No. 33 at 4. The Court also found that Interum failed to plausibly plead indirect and willful infringement for additional, independent reasons: (1) the Complaint failed to plausibly allege that Zoom had specific intent to infringe, required for both indirect and willful infringement (*id.*); and (2) the Complaint failed to plausibly allege that Zoom's accused software lacks substantial non-infringing uses, as required for contributory infringement (*id.* at 4-5). As detailed below, the FAC fails to cure those additional deficiencies.

**1.    Specific Intent to Infringe Required for Indirect and Willful Infringement**

A plaintiff alleging indirect infringement, whether induced or contributory, must plead facts plausibly showing that the accused infringer "specifically intended [another party] to infringe [the patent] and knew that the [other party's] acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lock, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017) (alterations in original) (quoting *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). Similarly, to plead willful infringement, a plaintiff must plausibly plead both "pre-suit knowledge of the patent" and "knowledge of infringement," which can be done by "pleading that the accused infringer had a specific intent to infringe at the time of the challenged conduct." *BSD Crown, LTD. v. Amazon.com, Inc.*, 684 F. Supp. 3d 993, 999, 1002 (N.D. Cal. 2023) (internal quotation marks omitted).

The Court previously found that the Complaint failed to state a claim for indirect or willful infringement because it did not plead facts sufficient to support a plausible inference that Zoom specifically intended to infringe the '940 patent. ECF No. 33 at 4. The FAC does not address that deficiency. The Court held that the allegations in the Complaint contained "only conclusory allegations that Zoom knew that it was infringing the '940 patent." *Id.* (citing Compl. ¶¶ 78-83). The FAC contains the same conclusory allegations. *Compare* Compl. ¶¶ 78-83, *with* FAC ¶¶ 81-

84, 89.

The only new allegation in the FAC regarding Zoom's knowledge is paragraph 79, which alleges that Zoom has had "actual notice of Plaintiff's '940 patent" based on the complaint in the prior C.D. Cal. case. As a threshold matter, this paragraph only addresses Zoom's knowledge of the *patent*; it does not allege that the C.D. Cal. complaint provided Zoom with knowledge of its purported *infringement*. In any event, the C.D. Cal. complaint could not have provided Zoom with knowledge of its purported infringement because that complaint failed to state a claim of infringement. *See Staton Techiya, LLC v. Harman Int'l Indus., Inc.*, 734 F. Supp. 3d 354 (D. Del. 2024) (a facially deficient complaint cannot establish knowledge of infringement). Although the C.D. Cal. court never ruled on Zoom's motion to dismiss, the C.D. Cal. complaint suffered from the same deficiencies as the dismissed Complaint in this case. *Compare* Compl., *with* C.D. Cal. Case, ECF No. 1. For example, the C.D. Cal. Complaint contained the exact same allegations regarding the "wherein" limitation that the Court found insufficient to plead a claim of direct infringement in this case. *Compare* Compl. ¶¶ 73-74, *with* C.D. Cal. Case, ECF No. 1 ¶¶ 61-62; ECF No. 33 at 1-2.

Accordingly, Interum has again failed to plausibly plead the specific intent required to state a claim of indirect or willful infringement.

### 2. Lack of Substantial Non-Infringing Uses Required for Contributory Infringement

Interum's contributory infringement claim must be dismissed for another independent reason: the FAC fails to plausibly allege lack of substantial non-infringing uses. To state a claim for contributory infringement, the plaintiff must (among other things) "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337 (superseded on other grounds). The Court previously dismissed Interum's contributory infringement claim on the independent ground that the complaint contained "only conclusory allegations that Zoom's video conferencing platforms are not suitable for substantial non-infringing uses." ECF No. 33 at 4-5 (citing Compl. ¶ 84). The FAC fails to cure that deficiency.

The only new allegation in the FAC related to substantial non-infringing uses is paragraph 87, which states:

> Zoom knows by at least the filing date of the first action filed against Zoom that *the accused products and/or services include software that work in concert to perform specific, intended functions. Such specific, intended functions carried out by the Zoom software in the hands of Zoom customers*, are a material part of the inventions of the '940 patent *and are not staple articles of commerce suitable for substantial non-infringing use.* Zoom's accused software cannot function outside of its operation within the environment of Zoom's servers.

FAC ¶ 87 (emphases added). In other words, Interum asserts that Zoom's accused software has no substantial non-infringing uses because the software is meant to "perform specific, intended functions." This is the same theory that Interum advanced, and the Court rejected, in connection with the prior motion to dismiss. Interum previously argued that its allegations were sufficient because the accused products are software and software is by design "specially made and adapted to conduct the functionality." ECF No. 31 at 10 (citing ECF No. 30 at 11). The Court expressly rejected that proposition in dismissing the Complaint, finding that "Interum provides no authority in support of its assertion that patent infringement claims regarding software product do not require non-conclusory allegations regarding substantial non-infringing uses." ECF No. 33 at 4-5. For the same reasons, Interum's bare assertion in the FAC that the accused Zoom software is not suitable for substantial non-infringing uses because it works to "perform specific, intended functions" is insufficient to state a claim of contributory infringement.

## VI.    THE FAC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

This is Interum's third attempt to plead infringement of the '940 Patent. Interum previously asserted the same claims against Zoom in the C.D. Cal. Case, and Zoom moved to dismiss those claims on the same grounds asserted here. *See* C.D. Cal. Case, ECF No. 25 at 5-7 (direct infringement), 9, 11-12 (indirect infringement), 12-14 (willfulness). Interum failed to address those deficiencies in the original complaint in this case, and again in the FAC. Together, those failures establish that amendment would be futile. The Court should thus dismiss the FAC without leave to amend. *See Mejia v. JPMorgan Chase Bank, N.A.*, No. 21-cv-1351, 2021 WL 6498762, at *3 (N.D. Cal. Sept. 8, 2021), *aff'd*, No. 21-16550, 2022 WL 1154762 (9th Cir. Apr. 19, 2022)

("Because Plaintiff was previously granted an opportunity to remedy these flaws but has proven unable to do so, further leave to amend would be futile and the claims are now dismissed WITHOUT LEAVE TO AMEND.").

## VII.    CONCLUSION

For the foregoing reasons, the Court should dismiss Interum's FAC in its entirety without leave to amend.

Dated: May 26, 2026

MORRISON & FOERSTER LLP

By:  */s/ Joyce C. Li*
JOYCE C. LI (SBN 323820)
joyceli@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:      415-268-7000
Facsimile:      415-268-7522

*Attorney for Defendant*
ZOOM VIDEO COMMUNICATIONS, INC.