UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERUM GROUP INC., | Case No. 25-cv-03951-RFL |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| ZOOM VIDEO COMMUNICATIONS, INC, | Re: Dkt. No. 37 |
| Defendant. | |

On March 31, 2026, the Court granted Defendant Zoom Video Communications, Inc.'s motion to dismiss with leave to amend, concluding that Plaintiff Interum Group Inc.'s complaint failed to plausibly allege that Zoom directly, indirectly, or willfully infringed Claim 1 of Interum's patent entitled "Video Class Room" ("the '940 patent"). (Dkt. No. 33.) Interum filed an amended complaint on April 28, 2026, again alleging that Zoom directly, indirectly, and willfully infringed Claim 1. (Dkt. No. 36 ("AC").) Zoom moves to dismiss the amended complaint. (Dkt. No. 37.) For the reasons that follow, the motion is **GRANTED**. This order assumes the parties' familiarity with the facts of this case, the applicable legal standard, and both sides' arguments.

***Direct Infringement***.  The amended complaint fails to plausibly allege that Zoom directly infringed the '940 patent.  Interum does not dispute that Claim 1's limitation "*wherein the frame rate, resolution, and encoding* of each real-time video stream *is determined, adjusted, or converted . . . depending on the subject matter of the real-time video stream and the number of real-time audio streams and real-time video streams received from participants*" is a critical element of the claim that requires specific factual allegations.  The complaint's allegations do not support a plausible inference that Zoom's video conferencing platforms determine, adjust, or convert the frame rate of each video stream based on the number of real-time video streams. (*See, e.g.*, AC ¶ 73 (discussing transmission rather than frame rate).)  In the complaint, Interum references Exhibit E, which indicates that the "multiple layers around" Zoom's "Adaptive Codec" "optimize the video frame rate and resolution."  (Dkt. No. 36-5 at 4; *see also* AC ¶ 74.)  But the complaint contains no non-conclusory allegations that this optimization (a) happens in real time and (b) occurs based on the number of real-time video streams.  Therefore, the complaint fails to plausibly allege that Zoom directly infringes Claim 1.

Dismissal is with leave to amend.  In its opposition to the motion to dismiss, Interum points to a blog post from Zoom that is not attached to the amended complaint but describes "how Zoom's Client handles HD video": "[t]he video resolution goes down as the number of gallery videos goes up."  (Dkt. No. 42-3 at 3; *see also* Dkt. No. 42 at 10.)  Considering the blog post in conjunction with Exhibit E, it is conceivable that Interum could add allegations sufficient to allow a plausible inference that the number of total video streams affects the number of videos that are displayed on Zoom's interface, which in turn affects the frame rate of each video stream in real time.  Accordingly, on this record, the Court cannot conclude that amendment would be futile.

Zoom also argues that the amended complaint should be dismissed because it does not plausibly allege that Zoom's platforms practice Claim 1's subject matter limitation, *i.e.*, that the platforms determine, adjust, or convert the frame rate, resolution, and encoding of each video stream depending on the subject matter of the video stream.  (Dkt. No. 37 at 9.)  The parties

2

dispute the proper construction of the phrase "subject matter." (*See* Dkt. No. 42 at 10; Dkt. No. 43 at 6.)  Interum argues that "'subject matter' describes the operating environment, where conditions vary from user to user, from content to content, from network to network, etc." (Dkt. No. 42 at 10.)  "Claim construction is generally not proper at the 12(b)(6) stage," and Interum's interpretation of the phrase is not so implausible that it can be dismissed out of hand prior to claim construction. *ALD Soc., LLC v. Verkada, Inc.*, 654 F. Supp. 3d 972, 979 (N.D. Cal. 2023).  At the 12(b)(6) stage, a court must either "adopt the construction advanced by the non-moving party" or "resolve the [claim construction] disputes to whatever extent is needed to conduct the required motion to dismiss analysis." *Adnexus Inc. v. Meta Platforms, Inc.*, 160 F.4th 1216, 1222 (Fed. Cir. 2025) (cleaned up).

The Court therefore adopts Interum's construction for the purposes of deciding the motion to dismiss and concludes that the complaint plausibly alleges that Zoom's products practice the subject matter limitation.  The complaint alleges that Zoom's speaker and gallery view features "dynamically prioritize and modify video streams based on detected speaking activity and content," and that Zoom's products engage in "active speaker content detection." (Compl. ¶ 73.)  It further alleges that "Zoom's products process active speaker video streams differently from non-speaking participant streams and screen-sharing content." (*Id.*)  Lastly, as described above, the complaint alleges that Zoom's architecture is designed to facilitate the optimization of video streams' frame rates and resolutions.  These allegations suggest that the frame rate, resolution, and encoding of each video stream are (at the very least) adjusted based on the current operating environment.  Combined, they support a plausible inference that Zoom's platforms determine, adjust or convert the frame rate, resolution, and encoding of each video stream depending on the subject matter of the video stream.  Accordingly, the Court declines to dismiss the amended complaint on this basis.

***Indirect and Willful Infringement***.  Because the complaint fails to plausibly allege that Zoom directly infringed the '940 patent, it too fails to plausibly allege that Zoom indirectly infringed or willfully infringed the '940 patent.  *See John Bean Techs. Corp. v. Morris &*

*Assocs., Inc.*, 988 F.3d 1334, 1341 (Fed. Cir. 2021); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).  Two additional reasons support dismissal.  First, the complaint fails to plausibly allege that Zoom specifically intended to infringe the '940 patent.  The complaint alleges that Zoom had actual notice of the '940 patent based on Interum's earlier-filed lawsuit in the Central District of California, a letter Interum sent to Zoom suggesting that Zoom take a license, and the fact that the '940 patent was cited as prior art during the prosecution of one of Zoom's patent applications.  (Compl. ¶¶ 79, 89.)  It also alleges that Zoom markets, and ultimately sells, subscriptions to its allegedly infringing products and services, in addition to providing customers with instructions and technical support for its products.  (*Id*. at ¶ 80.)  But these allegations are insufficient to support a plausible inference that Zoom had a specific intent to infringe the '940 patent, as knowledge of the '940 patent's existence is distinct from knowledge that Zoom's products infringe that patent.

Second, as to Interum's claim for contributory infringement, the complaint fails to plausibly allege that there are a lack of substantial non-infringing uses for Zoom's products.  The complaint alleges that Zoom's products "include software that work in concert to perform specific, intended functions" and therefore "do not have any substantial non-infringing uses." (Compl. ¶¶ 87–88.)  These conclusory allegations are insufficient to support a plausible inference that Zoom's products lack substantial non-infringing uses, as indicated in the prior Order.  (*See* Dkt. No. 33 at 4.)

Interum has already been given an opportunity to replead these claims to correct the deficiencies identified above but has failed to do so, indicating that amendment would be futile. Accordingly, the motion to dismiss the indirect and willful infringement claims is granted with prejudice, without leave to amend.

***Conclusion***.  For the foregoing reasons, the motion to dismiss is granted.  Dismissal of Interum's direct infringement claim is with leave to amend, and dismissal of Interum's indirect and willful infringement claims is with prejudice, without leave to amend.  If Interum wishes to file an amended complaint correcting the deficiencies identified above, counsel shall do so by

**August 3, 2026**.  The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.   If no amended complaint is filed by that date, the complaint will remain dismissed, judgment will be entered in favor of Zoom, and the case will be closed.

**IT IS SO ORDERED.**

Dated: July 13, 2026

RITA F. LIN
United States District Judge